*Law Offices of*
**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Ty D. Frankel (027179)*
tfrankel@bffb.com

*Law Offices of*
**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900
San Diego, California 92101
Telephone: (619) 756-7748
Patricia N. Syverson (020191)*
psyverson@bffb.com

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Josie Cabral, on behalf of herself and all those similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>Law Offices of Joel W. Black, LLC, an Arizona limited liability company,<br><br>　　　　Defendant. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

　　　Plaintiff Josie Cabral ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant Law Offices of Joel W. Black, LLC (the "Black Law Firm" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Arizona wage laws, A.R.S. § 23-350, *et seq.* ("Arizona Wage Statute").

**NATURE OF THE ACTION**

　　　1.　　Plaintiff alleges on behalf of herself and all other similarly situated hourly Legal Assistants and Paralegals of Defendant who elect to opt into this action pursuant to

- 1 -

the FLSA, 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to unpaid wages including unpaid overtime for all hours worked exceeding forty (40) hours in a workweek, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated hourly Legal Assistants and Paralegals employed by Defendant within the state of Arizona (the "Arizona Class Members"), that they are entitled to timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. 23-350, *et seq*.

3. Plaintiff further alleges, on her own behalf, pursuant to FLSA, 29 U.S.C. § 215(a)(3) and 216(b), that she is entitled to reinstatement, lost wages, and damages, including liquidated damages, fees, and costs for Defendant's unlawful retaliation against her resulting from her complaints about unpaid overtime.

## JURISDICTION AND VENUE

4. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

7.     The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

8.     At all relevant times, Defendant has been an "employer" and "person" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203 and 215(a)(3).

9.     Plaintiff and the other similarly situated Legal Assistants and Paralegals are employees as defined in 29 U.S.C. § 203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350(2).

10.    At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350(3).

11.    At all relevant times, Defendant employed Legal Assistants and Paralegals in Arizona, including Plaintiff Josie Cabral and those persons similarly situated to Plaintiff who are members of the putative collective action and class action classes.

12.    At all relevant times, Plaintiff and the other members of the putative classes were engaged in commerce and/or worked for Defendant in an enterprise engaged in commerce.

13.    At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**PARTIES**

14.    Defendant Law Offices of Joel W. Black, LLC is an Arizona limited liability company that does business as a law firm in Phoenix, Arizona.

15.    The Black Law Firm represents clients who have been injured in personal injury accidents in Phoenix, Arizona, and throughout the surrounding Arizona communities.

16.    Plaintiff Josie Cabral was, at all relevant times, an individual residing in Phoenix, Arizona.

17. At all relevant times, Plaintiff Cabral was employed by the Black Law Office in Phoenix, Arizona, as a Legal Assistant/Paralegal, which was a non-exempt position that was paid an hourly rate. Plaintiff Cabral's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit 1**.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff Cabral brings Count I, the FLSA unpaid overtime claim, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees of Defendant:

> All hourly Legal Assistants and Paralegals, regardless of actual title, who worked for Defendant during the last three years ("Off-the-Clock Collective Action Members").

19. Plaintiff, on behalf of herself and all other similarly situated hourly, non-exempt Legal Assistants and Paralegals, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees overtime. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

20. Plaintiff is similarly situated to the Off-the-Clock Collective Action Members because they are all are subject to similar payroll policies and procedures. Defendant requires the similarly situated Off-the-Clock Collective Action Members to work overtime but fails to pay them the premium overtime rate of one and one half their regular hourly rate of pay for hours worked over forty in a workweek. The Off-the-Clock Collective Action Members are also similarly situated because they all utilize Defendant's time recording and reporting practices and similar pay practices and job duties.

21. Defendant's overtime wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Off-the-Clock Collective Action Members regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

22. Plaintiff and the Off-the-Clock Collective Action Members performed the same or similar job duties. Moreover, they regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

23. Defendant's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Defendant.

24. The Off-the-Clock Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

25. Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members and has retained counsel experienced and competent in the practice of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings Count II, the Arizona Wage Statute claim, as a Rule 23 class action on behalf of herself and the following persons:

> All hourly Legal Assistants and Paralegals, regardless of actual title, who worked for Defendant during the last three years at client sites in Arizona ("Arizona Class Members").

27. Plaintiff's Rule 23 class claim (Count II) satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

28. Plaintiff's Rule 23 state law class claim (Count II) satisfies the numerosity requirement of a class action. The Arizona Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently

within the sole control of Defendant, upon information and belief, there are more than forty Arizona Class Members.

29. Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members. Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

    a. whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;

    b. whether Defendant owes the Arizona Class Members wages in exchange for all work performed;

    c. whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, interest, and treble damages.

30. Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members' in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

31. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

32. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

33. Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

## STATEMENT OF FACTS

34. Defendant Black Law Firm is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

35. Plaintiff was hired by the Black Law Firm as a Legal Assistant/Paralegal on February 22, 2019.

36. Plaintiff worked continuously for the Black Law Firm from February 22, 2019 until June 25, 2019 when the Black Law Firm terminated her as a result of complaints she made about unpaid overtime.

37. Plaintiff was employed as a non-exempt, hourly Legal Assistant/Paralegal.

38. Plaintiff was paid at an hourly rate of $18.00 per hour.

39. Plaintiff was also to receive a bonus based on her performance.

40. Plaintiff and the other similarly situated Legal Assistants and Paralegals performed mostly clerical work on behalf of the attorneys at the Black Law Firm. Their duties consisted of assisting with intake of new cases, opening claims, drafting letters, and working with clients as a point of contact on their cases.

41. Plaintiff and the other Legal Assistants and Paralegals were not required to have any special degree or certification as a prerequisite for their jobs. Plaintiff completed high school but she did not finish college.

42. While Plaintiff's job duties frequently required her to work in excess of forty (40) hours per workweek, she was routinely denied overtime premiums for the overtime she worked.

43. For example, Plaintiff's pay stub for the pay period of March 30, 2019 to April 12, 2019 indicates that she worked 83.31 hours and she was paid $1,503.30 for that time. That amounts to an hourly rate of approximately $18 per hour. The Black Law Firm failed

to pay Plaintiff time and a half her regular rate of pay for every hour she worked over forty per week.

44. Plaintiff's pay stub for the pay period of April 27, 2019 to May 10, 2019 similarly demonstrates she was not paid time and a half her regular rate of pay for hours over forty in a workweek. During that pay period, Plaintiff worked 84.23 hours and was paid $1,518.90. That amounts to an hourly rate of approximately $18 per hour. The Black Law Firm failed to pay Plaintiff time and a half her regular rate for every hour she worked over forty per week.

45. These are just two examples of how Defendant had a pattern and practice of routinely failing to pay Legal Assistants and Paralegals like Plaintiff the proper overtime rate they are owed.

46. Defendant routinely failed to pay Plaintiff and the similarly situated Legal Assistants and Paralegals time and a half their regular rate of pay for the overtime they were required to work.

47. Plaintiff also was not paid the bonus she earned during her employment.

48. A significant part, if not all, of this unpaid wages and overtime work is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

49. Defendant's policy and practice is to willfully deny its hourly, non-exempt Legal Assistants and Paralegals overtime pay for hours worked beyond forty (40) in a workweek and bonuses they are due.

50. On June 25, 2019, Plaintiff complained to the Black Law Firm Administrator about not being paid overtime.

51. Prior to that date, Plaintiff had been an exemplary employee.

52. When Plaintiff issued her complaint about overtime with the Black Law Firm's Administrator, the Administrator stated that she did not get overtime and that overtime was only available to very few employees at the firm.

53. On the same day that she made the complaint about unpaid overtime, Plaintiff had been offered a raise of $1 per hour.

54. Plaintiff responded by asking if she could speak with the attorney who supervised her about the raise and her complaint about overtime.

55. However, at the end of the day on June 25, 2019, the same day she complained about unpaid overtime, Plaintiff was terminated as a direct and proximate result of her having complained about not receiving overtime wages she was due.

56. In retaliation for and as a direct and proximate result of Plaintiff's complaints about overtime, Defendant terminated Plaintiff on June 25, 2019.

57. Defendant's adverse employment action against Plaintiff was unlawful retaliation for Plaintiff's complaints about Defendant's overtime pay practices.

58. Defendant's adverse employment actions were malicious and punitive in nature and caused Plaintiff both economic and non-economic damages, including lost wages, emotional distress, embarrassment, and other damages.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Overtime Wages and Record Keeping Violations - FLSA - 29 U.S.C. § 207 et seq.; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

59. Plaintiff, on behalf of herself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

60. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the Fair Labor Standards Act as set forth in 29 U.S.C. §§ 201, *et seq*.

61. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in commerce and Defendant has annual revenues in excess of $500,000.

62. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

- 9 -

63. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

64. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Off-the-Clock Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

65. The work was performed at Defendant's direction and/or with Defendant's knowledge.

66. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all wages due including overtime premiums for all hours accrued beyond forty (40) hours in a workweek.

67. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

68. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Off-the-Clock Collective Action Members.  Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly Legal Assistants and Paralegals, regardless of actual title, who worked for Defendant during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

    b. Designate Plaintiff Cabral as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT II**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE**
**(Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

69. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

70. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

71. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

72. Defendant is aware that, under A.R.S. §§ 23-351-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

73. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

74. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the

Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

75. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Designate Plaintiff Cabral as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

    c. Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 et seq.;

    d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

    e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

### COUNT III
### FLSA RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)
**(Brought Against Defendant by Plaintiff Individually)**

76. Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

77. The Fair Labor Standards Act prohibits any person from discharging or in any other manner discriminating against any employee who complains of a violation of the act or causes to be instituted any proceeding under or related to the act.

78. Plaintiff engaged in protected activity when she complained to Defendant about its unlawful failure to pay overtime owed pursuant to the Fair Labor Standards Act.

- 12 -

79. As a direct and proximate result of Plaintiff's complaints about Defendant's unlawful overtime practices, Plaintiff was terminated.

80. There is a causal connection between Plaintiff engaging in the protected activity and Defendant's adverse employment action in that but for the Plaintiff engaging in the protected activity, Defendant would not have terminated Plaintiff's employment.

81. Plaintiff's protected activity was a motivating factor in the decision by Defendant to terminate Plaintiff.

82. Defendant's actions were punitive, malicious, and in direct retaliation for her complaints of FLSA violations.

83. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, emotional distress, embarrassment, and other economic and non-economic losses.

84. Defendant's conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

85. Defendant's conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of her rights. Defendant therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

    a. Order Defendant to reinstate Plaintiff's employment to a reasonably comparable employment position with comparable pay from which Defendant removed her;

    b. Award Plaintiff lost wages and non-economic damages flowing from Defendant's unlawful retaliation, plus an equal amount in liquidated damages and attorneys' fees and costs;

    c. Award Plaintiff prejudgment and post-judgment interest as provided by law; and

d. Award Plaintiff such other relief as this Court deems fair and equitable, including injunctive relief.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims with respect to which she may have the right to a jury.

DATED: July 16, 2019.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101

Attorneys for Plaintiff